Cornelius BECHAK

v.

CONEMAUGH AND BLACK LICK RAILROAD COMPANY.

Civ. A. No. 14879.

United States District Court
E. D. Pennsylvania.

Oct. 6, 1955.

which defendant believes. We conclude that not even the most liberal construction of Fed.Rules Civ.Proc. rule 33, 28 U.S.C., demands that a party to an action must, under these circumstances, elect to adopt or reject, under oath, the observations and recollections of the actual witnesses to the event.

This Court follows the latest rulings in this district in which identical objections to identical interrogatories were sustained. Shechtman v. Pennsylvania R. Co., D.C., 16 F.R.D. 459 and cases therein cited.

The defendant's objection to the second sentence of the interrogatory is sustained.

Richter, Lord & Farage, Philadelphia, Pa., for plaintiff.

Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

The sole question involved concerns the following interrogatory to the second sentence of which the defendant objects:

"15. State the names, addresses and job classifications of plaintiff's fellow crew and gang workers, if any, who were working with the plaintiff at the time of the accident. State where each stood in relation to the plaintiff, what each was doing at the time of the accident and what part, if any, each played in the event."

To require the defendant to answer that part of the interrogatory objected to would, under the present circumstances, clearly oblige the defendant, under oath, to state, as true facts unsworn oral or written statements of others; or, in the event of differing statements, to elect